[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-13306

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NATHAN JARON TIMOTHY JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:21-cr-00017-AW-GRJ-1

_____

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Nathan Jaron Timothy Johnson appeals his sentence of 96-months' imprisonment for possession of a firearm by a convicted felon. He argues that the district court procedurally erred in sentencing him to an upward variance based on what he alleges are two clearly erroneous findings: (1) that he undermined his acceptance of responsibility by stating that his possession of a firearm was a "misunderstanding," and (2) that his criminal history included a "serious" head injury inflicted on a police officer. After careful review of the record, we **AFFIRM.**[1]

## I.

We review the reasonableness of a sentence for abuse of discretion, and a sentence must be both procedurally and substantively reasonable to be affirmed. *United States v. Green*, 981 F.3d 945, 953 (11th Cir. 2020). A district court procedurally errs if, among other things, its sentence is based on clearly erroneous facts. *Id.* But a fact is only clearly erroneous if we are left with "a definite and firm conviction a mistake has been made." *Id.* (quoting *United States v. Dimitrovski*, 782 F.3d 622, 628 (11th Cir. 2015).

---

[1] Johnson's pending motion to voluntarily dismiss his appeal is DENIED as moot.

## II.

In August 2020, Johnson was traveling in a car driven by a person identified as S.G., which the police stopped for routine traffic violations. During the traffic stop the police became suspicious of the occupants and called a narcotics K-9 to the scene. The dog signaled the presence of drugs in the car, and the police searched the vehicle. During the search of the car, the police discovered illegal drugs, Florida unemployment benefit cards in other people's names (i.e., not Johnson's or S.G.'s), as well as a .45 caliber pistol and .45 caliber ammunition. While the search was ongoing, Johnson and S.G. were detained in the police cruiser, and the cruiser's on-board equipment recorded the two discussing what the police would find in the car. Johnson stated he would claim responsibility for the gun, instructed S.G. to claim she had no knowledge of the gun and asked her to bail him out as soon as possible. Johnson was then arrested on state charges before being re-charged in federal court for a felon in possession of firearm or ammunition in violation of 18 U.S.C. § 924(g)(1) and § 924(e).

Regarding Johnson's previous convictions, he was convicted in 2011 of aggravated assault on a law enforcement officer. In that case, Johnson was approached by officers after falling asleep in a McDonald's drive-thru. Johnson refused to open his car, and instead put the car into reverse and struck a police officer. The officer suffered an "injury to his head." In another incident in 2016, Johnson was convicted of domestic battery after striking his girlfriend on her left eye and face. Johnson was also previously convicted of drug charges in state court.

Because Johnson had three prior qualifying felonies, Johnson was an Armed Career Criminal under 18 U.S.C. § 924(e), and subject to that statute's sentencing enhancements. Johnson pled guilty pursuant to an agreement that stipulated the government would not seek this treatment, and instead Johnson would be subject to the 10-year statutory maximum for violations of § 924(g). In calculating his guidelines range, Johnson received 2 level credits for acceptance of responsibility and 1 level credit for timely acceptance of responsibility. Johnson's base offense level was 24, so the calculated offense level was 21. Given his prior convictions, his criminal history category was IV. The calculated guidelines sentencing range in this case was thus 51 to 71 months' imprisonment.

Johnson's attorneys argued for a guidelines sentence. In his statement to the court, Johnson apologized for his actions and stated: "I apologize for the misunderstanding. I did not know the firearm was in the car until it was too far on the interstate to turn around." The government noted that Johnson's characterization of this incident as a "misunderstanding" was inconsistent with the recorded conversation between Johnson and S.G., which showed that he knew the gun was in the car and was planning with S.G. how to manage the situation if the police discovered it. The government argued this tended to undercut Johnson's acceptance of responsibility, and showed he was being untruthful to the court.

## III.

In finding the appropriate sentence, the district court considered the parties' arguments, Johnson's statement, and discussed the

§ 3553 factors.  The court discussed its view that the guidelines were inadequate in this case to address Johnson's conduct.  The court found Johnson's criminal history particularly relevant: "[M]ost prominently this assault on the law enforcement officer.  *Serious* head injury."  D.E. 64 at 20:6–8 (emphasis added).  The court also found Johnson's conviction for domestic violence to be significant.  As to the acceptance of responsibility, the district court "d[idn't] see a lot of remorse here."  *Id*. at 21:6–7.  But noted, "I'm not taking away that consideration."  *Id*. at 21:7–8.  The district court ultimately imposed an upward variance from the guidelines range, and sentenced Johnson to a 96-month custodial sentence followed by three years of supervised release.

The district court's sentence was not based on clearly erroneous facts, and the court did not procedurally err.  First, the court accurately noted that Johnson was convicted of assault on a law enforcement officer and that the officer suffered a head injury.  While the district court characterized the officer's injuries as "serious," Johnson has not shown that characterization is clearly erroneous given the facts.  The facts of that incident show Johnson struck one officer with his car and caused a "head injury," before striking another officer with his car as he was fleeing the scene.  We decline to parse the district court's words in order to create error here.  Further, our review of the transcript shows us that the court's consideration of this incident was based on the overall seriousness of the conduct, and not the precise wording of the officer's medical diagnosis.

Next, the court did not abuse its discretion in considering Johnson's characterization that this case was based on a "misunderstanding." Johnson in fact called his possession of the gun a "misunderstanding." D.E. 64 at 12:10–11. Even so, the district court explicitly noted that it was not taking away Johnson's credit for acceptance of responsibility. *Id.* at 21:7–8. The court provided a thorough explanation of Johnson's criminal history, the conduct in this case, and the court's view that the guidelines were inadequate to address Johnson's crime. It remarked on Johnson's statement at the end to note that it was not sufficient to overcome those other aggravating factors warranting an upward variance. On these facts, the district court did not abuse its discretion.

The district court did not procedurally err in sentencing Johnson, and he does not challenge the substantive reasonableness of his sentence on appeal. Accordingly, we **AFFIRM.**

**AFFIRMED.**